UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY D. WRIGHT, SR., | Case No. 09-14853 |
| Plaintiff, | Mark A. Goldsmith |
| vs. | United States District Judge |
| MGM GRAND CASINO, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO CONFIRM/MODIFY ARBITRATION AWARD (Dkt. 38)**

**I.    PROCEDURAL HISTORY**

On December 14, 2009, plaintiff Terry Wright filed this *pro se* action against defendants alleging: race discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII as amended at 42 U.S.C. § 2000e *et seq.*, and the Elliott-Larsen Civil Rights Act at M.C.L. § 37.1101 *et seq.*; violations of the Americans with Disabilities Act at 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act at 29 U.S.C. § 2601 *et seq.*; conspiracy under 42 U.S.C. § 1985; wrongful discharge in violation of public policy; intentional infliction of emotional distress; and libel and slander.  (Dkt. 1).  On September 28, 2010, District Judge Mark A. Goldsmith referred this matter to the undersigned for all pretrial proceedings.  (Dkt. 36).  Plaintiff filed a motion to confirm in part and

modify in part an arbitration award. (Dkt. 38).[1] Defendants filed a response. (Dkt. 46). And plaintiff filed a reply. (Dkt. 51). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion to confirm/modify the arbitration award be **DENIED**.

## II. PARTIES' ARGUMENTS

In his motion to confirm and modify the arbitrator's award (which had not been issued at the time plaintiff filed his complaint), plaintiff seeks confirmation of the award pursuant to Mich. Court Rule 3.602(I) and that it be modified in the interests of justice based on a purported failure of the arbitrator to consider 3 of his grievances due to misconduct by MGM Grand and its counsel. (Dkt. 38). Plaintiff also asks the Court to conclude that defendants have no basis to contest the arbitration award.

According to defendants, between July 22, 2008 and November 19, 2008, the UAW filed six grievances with MGM Detroit related to discipline issued to Wright and his discharge in October 2008. On November 28, 2008, MGM Detroit denied all of the pending grievances, leading to the arbitration between MGM Detroit and the UA W before Arbitrator George Roumell. The issue before Mr.

---

[1] The arbitration award was issued long after the complaint in this was filed. Plaintiff has not sought to amend his complaint.

Roumell was whether MGM Detroit had just cause under the parties' collective bargaining agreement and its work rules to discharge plaintiff. After 12 days of testimony in the arbitration hearing, Mr. Roumell issued an "Opinion and Award" dated September 29, 2010. Mr. Roumell denied all of the UAW's grievances but reinstated plaintiff without back pay under a ruling that plaintiff was not given procedural due process to challenge a portion of his discipline. MGM Detroit has filed a separate complaint with this Court under § 301 of the LMRA to vacate that portion of the award. *See MGM Grand Detroit, LLC v. Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America*, Case No. 10-14510.

    Defendants point out that plaintiff's complaint in this case does not contain any cause of action or allegations related to the arbitration award or a "hybrid § 301 action." If the employer or labor organization wants to confirm, vacate, or otherwise modify an arbitration award, that party must file an action pursuant to § 301 action of the LMRA. *See e.g.*, *Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310 (6th Cir. 1988) (addressing the statute of limitations for a § 301 action to vacate an arbitration award). Defendants point out that while many of the factual conclusions made in the arbitration by Mr. Roumell may be dispositive of factual issues in this matter on the grounds of collateral estoppel and/or res judicata, this case is separate and distinct and the complaint

does not include any allegations or causes of action to establish a claim under § 301. Defendants ask the Court to deny plaintiff's motion to confirm/modify the arbitration award because it was improperly filed in this case.

Defendants also argue that plaintiff does not have standing to bring this motion or any breach of contract action under § 301. The parties to the arbitration, and to the collective bargaining agreement, are MGM Detroit and the UAW. Section 301, by its own terms, applies to "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). According to defendant, if an employee seeks to vacate or modify an arbitration decision, such a claim may only be brought as a hybrid § 301 action. *Apperson v. Fleet Carrier Corp.*, 1987 WL 58065 (E.D. Mich. 1987), citing, *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 568 (1976). A hybrid § 301 action contains allegations by an employee that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation. *See Apperson*, 1987 U.S. Dist. Lexis 14918 at *7. Defendants point out that the UAW is not a party to this action, the UAW has not joined in this notion on plaintiff's behalf, and no hybrid action is pending. Thus, according to defendants, plaintiff lacks standing to bring this motion as only the UAW can enforce its rights as to the arbitration through a § 301 action. Accordingly, defendants assert that plaintiff's motion should be denied.

In his reply, plaintiff argues that his claim is cognizable under the Federal

Arbitration Act (FAA) and that the matter of enforcement of the arbitration award is properly before this Court through the FAA. Plaintiff claims that he could not bring a hybrid § 301 suit because his claims against the UAW have not yet accrued, since the union "has given no indication, that it refuses to pursue the Plaintiff's three outstanding grievance[s]." Plaintiff also asserts that he is not required to bring a hybrid § 301 action, although he cites no authority for his position. Most of plaintiff's 18 page reply brief recounts all the purported defects and errors that occurred in the arbitration proceeding.

### III.   ANALYSIS AND CONCLUSION

Plaintiff's motion is fundamentally flawed in several respects. First, as noted by defendants, nothing in plaintiff's lengthy complaint suggests that he brings any claim under the LMRA or the FAA or that his claims have anything to do with an arbitration proceeding. Thus, his motion to confirm/modify the arbitration award is wholly unrelated to the claims actually identified in his complaint. Generally, an individual employee whose claims are arbitrated under a collective bargaining agreement between an employer and a union generally does not have standing under federal law to vacate or modify the arbitration award, since that employee was not a party to the initial contract under which the arbitration proceeded. *See Nicholls v. Brookdale University Hosp. and Medical Center*, 2005 WL 1661093, *5 (E.D. N.Y. 2005), citing, *Katir v. Columbia Univ.*,

15 F.3d 23, 24-25 (2d Cir. 1994). "[T]o recover against either the Company or the Union, [plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation. Unless [plaintiff] demonstrates both violations, he cannot succeed against either party." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990, quoting, *Bagsby v. Lewis Bros. Inc. of Tennessee*, 820 F.2d 799 (6th Cir. 1987) (citations omitted). Plaintiff has not brought any claims under § 301 of the LMRA and his failure to do so bars his motion to confirm and modify the arbitration award.

Second, despite plaintiff's arguments to the contrary, it is well-established that the FAA does not apply to collective bargaining agreements. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n. 9 (1987); *United Steelworkers of America v. Roemer Industries*, 68 F.Supp.2d 843, 847 (1999).[2] Thus, a party seeking to confirm an arbitration award arising from a collective bargaining agreement must bring an action under § 301 of the LMRA, which plaintiff did not do here. *See Roemer*, 68 F.Supp.2d at 847. Moreover, even if the FAA did apply to plaintiff's motion, it is not clear how this remedies his flawed

---

[2] Federal courts do, however, look to the FAA for guidance in labor arbitration cases brought under § 301. *Roemer*, 68 F.Supp.2d at 847; *see also Great Lakes Energy Cooperative v. Local 876 Int'l Brotherhood of Electrical Workers*, 2008 WL 299022 (W.D. Mich. 2008) ("[F]ederal courts have often looked to the FAA for guidance in fashioning the federal common law that governs the modification of labor arbitration awards.").

complaint, which mentions nothing about a claim to confirm or modify the arbitration award.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion to confirm and modify the arbitration award be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date:  May 17, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on May 17, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Terry D. Wright, Katherine D. Goudie and Louis Theros.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov