UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. WRIGHT, SR.,

Plaintiff,

vs.

MGM GRAND CASINO, *et al.*,

Defendants.
_______________________________/

Case No. 09-14853

Mark A. Goldsmith
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 60)**

## I. PROCEDURAL HISTORY

On December 14, 2009, plaintiff Terry Wright filed this *pro se* action against defendants alleging: race discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII as amended at 42 U.S.C. § 2000e *et seq.*, and the Elliott-Larsen Civil Rights Act at M.C.L. § 37.1101 *et seq.*; violations of the Americans with Disabilities Act at 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act at 29 U.S.C. § 2601 *et seq.*; conspiracy under 42 U.S.C. § 1985; wrongful discharge in violation of public policy; intentional infliction of emotional distress; and libel and slander. (Dkt. 1). On September 28, 2010, District Judge Mark A. Goldsmith referred this matter to the undersigned for all pretrial proceedings. (Dkt. 36). Defendant Terrance Lanni filed a motion to

dismiss based on lack of personal jurisdiction and failure to state a claim on which relief may be granted. (Dkt. 60). Plaintiff filed a response and supporting affidavit on February 22, 2011. (Dkt. 63). Defendant filed a reply on March 4, 2011. (Dkt. 64). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant Lanni's motion to dismiss based on lack of personal jurisdiction be **GRANTED** and that plaintiff's complaint against Lanni be **DISMISSED** without prejudice.

## II. ANALYSIS AND CONCLUSION

### A. Standard of Review

Defendant moves to dismiss plaintiff's complaint based on lack of personal jurisdiction. Fed.R.Civ.P. 12(b) (2). When deciding a motion based on Rule 12(b)(2), a district court has at its disposal three procedural alternatives: (1) "it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). "The court has discretion to select which method it will follow ...." *Theunissen*, 935 F. 2d at 1458. Regardless of which method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists." *Id*. at 1458. If the court determines "that the motion to dismiss for lack of

personal jurisdiction can be decided upon [the] written submissions, it 'must consider the pleadings and the affidavits in the light most favorable to the plaintiff.'" *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989), quoting, *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980). When the court decides on the written submissions alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F. 2d at 1458. Moreover, the court in deciding a 12(b)(2) motion on the parties' written submissions alone, "does not weigh the controverting assertions of the party seeking dismissal." *Id*. at 1459.

The undersigned believes in this case that it is proper to decide defendant's motion on the written submissions alone. Defendant does not offer any evidence to dispute the allegations in plaintiff's complaint. Rather, defendant argues that the allegations, on their face, are insufficient to establish personal jurisdiction over him. Thus, this undersigned must determine if plaintiff has satisfied his burden of making a "*prima facie* showing that personal jurisdiction exists ...." *Theunissen*, 935 F. 2d at 1458.

B. Applicable Legal Standards

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth

Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). It does not appear that plaintiff alleges that this Court has general personal jurisdiction over defendant Lanni.[1]

Under Federal Rule of Civil Procedure 4(e), the Court must look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether personal jurisdiction exists in the case at bar. Mich. Comp. Laws § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to

[1] Under Mich. Comp. Laws § 600.701, the court would have general personal jurisdiction if (1) defendant Lanni was present in Michigan when process was served; (2) defendant Lanni was domiciled in Michigan when process was served; (3) defendant Lanni consented to personal jurisdiction in Michigan. None of these three circumstances appear applicable to the present case.

> render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> > (1) The transaction of any business within the State.
> >
> > (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195, 188 N.W.2d 623 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in M.C.L.A. § 600.715 "means just what it says. It includes 'each' and 'every' .... It comprehends the 'slightest'" contact. *Id.* at 199 n. 2; *see also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988).

"However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id*. The relevant criteria for Due Process consideration are: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of

jurisdiction over the defendant reasonable. *Theunissen*, 935 F.2d at 1460 (citations and quotation marks omitted).

According to plaintiff, the following facts as alleged in his complaint establish personal jurisdiction over defendant Lanni:

> ¶ 4. That Defendant TERRANCE J. LANNI, was the Chief Operating Officer or Chief Executive Officer of MGM MIRAGE, LLC, the parent company of Defendant MGM GRAND CASINO DETROIT, and for all times applicable, was in charge of the operations of MANAGEMENT at the Defendant MGM GRAND CASINO DETROIT, and that Defendant Officer was fully aware of, had knowledge of or did participate in discussion and events which lead to the Plaintiff and Complainant's termination and discharge from his employment.
>
> ¶104. That Director Forbes additionally advised your Plaintiff and Complainant that persons very close to Defendant Terrance J. Lanni were fully aware of the Plaintiff and Complainants' case.
>
> ¶115. That the Defendant Employer MGM GRAND DETROIT CASINO maintains in its response to the EEOC that Director Forbes participated in the decision to terminate your Plaintiff and Complainant employment, and makes no mention of telephonic conferences with 2 Vice Presidents in consultation with Multiple Attorneys at various locations, or the participation of Defendant Terrance J. Lanni's Office.

Plaintiff further alleges in his response brief that the wrongful actions of defendant MGM Grand Detroit Casino was done with the "knowledge approval and consent of" Lanni. He alleges that the wrongful actions of the Human Resources Department were done at the direction of defendant Holloway, with the approval, consent and authorization of defendant Lanni. Plaintiff asserts that Lanni was the

CEO and Chairman of the Board of MGM Mirage in Las Vegas, Nevada, that he appointed the officers of MGM Grand Detroit and was responsible for the supervision and operation of the MGM Grand Detroit Casino. Further, plaintiff claims that Lanni was "personally aware of the Plaintiff's opposition to discrimination" and that he "either by his representatives of his office, or his attorneys, participated in the decision-making processes as to how to address the Plaintiff's discrimination complaints" and participated in, confirmed or ratified the determination that MGM Grand Detroit Casino would pursue a discriminatory policy against plaintiff. Plaintiff also claims that Lanni's appointment of officers of the MGM Grand Detroit constitutes "doing business" in Michigan. Plaintiff claims that Lanni failed to intervene to prevent the discrimination against him, after being told of the actions by defendants, over whom he exercised control and supervision. In summary, plaintiff argues that the complaint alleges that Lanni "knowingly participated in the discrimination, by endorsing the policy of the Defendant MGM GRAND DETROIT CASINO, AND MGM GRAND DETROIT DEFENDANTS, failing to act to stop and restrain the MGM GRAND DETROIT DEFENDANT'S from their pursued of a knowingly unlawful and discriminatory policy to cause the Plaintiffs termination." (Dkt. 62).

In the view of the undersigned, plaintiff's statements in his complaint and his response/affidavit establish that defendant Lanni had no direct role in plaintiff's

employment or termination. At most, Lanni supervised the attorneys in Las Vegas whose counsel was sought by Mr. Holloway from Michigan regarding plaintiff's termination. (Dkt. 62-2, 64-2). While plaintiff vaguely asserts that Lanni "participated" in plaintiff's termination, it is clear from the whole of plaintiff's allegations that at best, plaintiff alleges that Lanni supervised or was closely associated with others who actually participated in that decision. Simply, plaintiff does not allege facts sufficient to establish that Lanni had contacts with Michigan that satisfy the due process clause.

The undersigned finds District Judge Lawrence P. Zatkoff's analysis in *Park West Galleries v. Hochman*, 2009 WL 728535 (E.D. Mich. 2009) to be persuasive. In that case, the court concluded that the plaintiff failed to offer any evidence that the defendant "individually took any action directed at the forum state; rather, Plaintiff simply relies on the fact that she is an owner (and CEO) of [defendant company] to demonstrate that this Court can exercise personal jurisdiction over her." As Judge Zatkoff pointed out, however, an officer of a corporation does not subject him or herself to personal jurisdiction simply by virtue of holding such a position. *Id*., citing, *Fakhoury Enterprises, Inc. v. J.T. Distributors*, 1994 U.S. Dist. LEXIS 7864 (E.D. Mich. 1994). Similarly, while the conduct by officers of a parent for a subsidiary within a forum state may serve as a basis for subject matter jurisdiction, *see Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1090

(6th Cir.1989), the present record does not contain any evidence of purposeful availment within Michigan by defendant Lanni. Thus, the undersigned concludes that plaintiff has not established a *prima facie* case of personal jurisdiction over defendant Lanni and the claims against him should be dismissed without prejudice.[2] Given the foregoing conclusion, defendant's remaining arguments need not be addressed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant Lanni's motion to dismiss based on lack of personal jurisdiction be **GRANTED** and that plaintiff's complaint against Lanni be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

[2] Dismissal for lack of jurisdiction is without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Terry D. Wright, Katherine D. Goudie and Louis Theros.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov