UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. WRIGHT, SR.,                          Case No. 09-14853

               Plaintiff,                 Mark A. Goldsmith
vs.                                            United States District Judge

MGM GRAND CASINO, *et al.*,                    Michael Hluchaniuk
                                               United States Magistrate Judge

               Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTIONS TO DISMISS (Dkt. 74, 76)

## I.    PROCEDURAL HISTORY

On December 14, 2009, plaintiff Terry Wright filed this *pro se* action

against defendants alleging: race discrimination and retaliation pursuant to 42

U.S.C. § 1981, Title VII as amended at 42 U.S.C. § 2000e *et seq.*, and the

Elliott-Larsen Civil Rights Act at M.C.L. § 37.1101 *et seq.*; violations of the

Americans with Disabilities Act at 42 U.S.C. § 12101 *et seq.*, and the Family

Medical Leave Act at 29 U.S.C. § 2601 *et seq.*; conspiracy under 42 U.S.C.

§ 1985; wrongful discharge in violation of public policy; intentional infliction of

emotional distress; and libel and slander.  (Dkt. 1).  On September 28, 2010,

District Judge Mark A. Goldsmith referred this matter to the undersigned for all

pretrial proceedings.  (Dkt. 36).  Defendants Dickinson Wright PLLC and Louis

Theros filed a motion to dismiss on May 20, 2011.  (Dkt. 74).  Defendant MGM

Resorts International (f/k/a MGM MIRAGE) also filed a motion to dismiss.  (Dkt.

76).  While the Court ordered plaintiff to respond, he failed to do so.  (Dkt. 75, 77).

In response to a subsequent order to show cause (Dkt. 82), plaintiff filed a renewed

motion to amend his complaint, purportedly to correct the deficiencies identified in

the motions to dismiss.  (Dkt. 86).  Defendants filed responses to the motion for

leave to amend the complaint on September 8, 2011.  (Dkt. 88, 89).  Then, on

October 28, 2011, plaintiff filed a second motion for leave to file an amended

complaint.  (Dkt. 94, 95).  Defendants filed a response on November 11, 2011.

(Dkt. 96).

It should also be noted that two related cases are pending in this district and

at the Sixth Circuit Court of Appeals.  The first is *Wright v. MGM Detroit Grand

Casino, et al*, Case No. 11-15105, which has been assigned to District Judge Mark

A. Goldsmith.  The second case is *MGM Grand Detroit LLC v. Int'l UAW*, *et al*,

Case No. 10-14510, which is assigned to District Judge Stephen J. Murphy.  Mr.

Wright is not a party to Case No. 10-14510, which is an appeal of the arbitrator's

decision pertaining to his union grievances.  The arbitrator decided all the

grievances except one against Mr. Wright and both the union and his employer

appealed.  Judge Murphy vacated the arbitrator's decision to the extent it was

favorable to the union and Mr. Wright and denied the union's motion to affirm the

award.  (Case No. 10-14510, Dkt. 19).  The matter was appealed by the union and

is currently pending before the Sixth Circuit.  (Case No. 10-14510, Dkt. 21).

For the reasons set forth below, the undersigned **RECOMMENDS** that the

Dickinson Wright defendants' motion to dismiss and the motion to dismiss of

MGM RI both be **GRANTED**.

## II.   PARTIES' ARGUMENTS

### A.   <u>Dickinson Wright Motion to Dismiss</u>

The only claim pending against the Dickinson Wright defendants is a claim

for civil rights conspiracy under 42 U.S.C. § 1985.  They argue that they cannot be

held liable under § 1985 when their only involvement with plaintiff occurred in the

scope of their representation of MGM Detroit before the EEOC.  Defendants argue

that plaintiff's claim of conspiracy is based on mere conclusory statements and is

nothing more than speculation and conjecture.  In addition, they argue that

plaintiff's claim fails because he has alleged no injury resulting from any conduct

by the Dickinson Wright defendants and, under § 1985, an attorney cannot be

liable for conspiracy if his conduct falls within the scope of his representation of

his client.  *Heffernan v. Hunter*, 189 F.3d 405, 411 (3rd Cir. 1999) ("No conspiracy

can exist where an attorney's advice or advocacy is for the benefit of his client.");

*see also Farese v. Scherer*, 342 F.3d 1223 (11th Cir. 2003) (upholding the trial

court's grant of a motion to dismiss for failure to state claim as an attorney acting

in the scope of his representation may not be deemed a conspirator).  Defendants

argue that the conduct identified in the complaint by plaintiff as violating § 1985

all occurred well within the scope of its representation of MGM.  Specifically,

plaintiff alleged that "Dickinson Wright did file a response that was a false and

calculated miss-statement [sic] of the facts, in an effort to obstruct, impede and

deter the EEOC from performing its statutory duties to investigate allegations of

discrimination against the Defendant Employer MGM Grand Casino Detroit [sic]."

Compl. ¶ F.b.A, pg 23.  Second, plaintiff alleged that "Defendant Employer MGM

Grand Casino Detroit [sic], did combine and conspire with attorneys and counsel at

Dickinson Wright to subvert, deter, impede and obstruct the agencies inquiry into

the Plaintiff and Complainants [sic] Charge of Discrimination."  Compl. ¶ F.b.G.,

pg. 24.  Third, plaintiff alleged that "Defendant Employer MGM Grand Casino

Detroit [sic] acting by through its attorneys and counsel did in concert with their

attorneys and counsel, falsely represent to the EEOC that it had received the

Plaintiff and Complainants [sic] request for an accommodation, and consistent with

the requirements of the ADA offered the Plaintiff and Complainants an

accommodation."  Compl. ¶ F.b.H, pg. 24.  The Dickinson Wright defendants

argue that these allegations are nothing more than actions that fall within the scope

of their representation of their client and thus, plaintiff's claim must fail.  In

addition, they assert that plaintiff does not allege any facts that support a

conspiracy.  Rather, he merely alleges the existence of a conspiracy.

Defendants argue that even if their conduct and statements did not fall within the scope of their representation of MGM Detroit, plaintiff cannot establish a § 1985 conspiracy because he has suffered no injury or deprivation of a right, given that the EEOC issued a right to sue letter, which allows him to sue for the discriminatory acts alleged in the EEOC charges.  Finally, defendants argue that plaintiff's complaint fails to meet the *Twombly/Iqbal* pleading standards.

B.      MGM Resorts International's Motion to Dismiss

MGM RI has filed a motion to dismiss based on lack of personal jurisdiction.  It asserts that, as an indirect parent corporation of plaintiff's former employer MGM Grand Detroit, it does not now and has never done business in Michigan and has no offices or employees in Michigan.  MGM RI also asserts that plaintiff's complaint fails to satisfy the pleading standards of *Twombly/Iqbal* and there are only two allegations in the entire complaint that reference MGM RI.  These allegations provide that defendant Lanni (who was previously dismissed for lack of personal jurisdiction) was the "Chief Operating Officer or Chief Executive Officer of MGM MIRAGE, LLC, the parent company of Defendant MGM Grand Casino Detroit," and that the Defendants were acting in concert together in their official capacities as officers, agents, representatives, and employees of MGM Grand Detroit or MGM Resorts International.  Accordingly, MGM RI argues that

plaintiff has failed to state prima facie claims against MGM RI because of Wright's failure to include any allegations establishing MGM RI's involvement in the alleged wrongful conduct.

C.   Plaintiff's Motions to Amend the Complaints

In his response to the order to show cause why the motions to dismiss should not be granted, plaintiff explains that in his motion to amend the complaint, he asks the Court to permit him to allege additional facts and claims against defendants which will constitute a response to defendants' allegation that there is no personal jurisdiction and as to the "knowing fraud" committed by defendants before the EEOC.  (Dkt. 85, Pg ID 1044).  Plaintiff argues that his proposed amended complaint is the one that should be tested under Rule 12(b)(6).

In his first motion to amend the complaint, plaintiff seeks to add allegations regarding defendants' failure to answer and respond to grievances submitted to the UAW, and the UAW's failure to respond to breaches of the collective bargaining agreement, along with allegations regarding conduct of the arbitration hearing held before arbitrator George Roumell.  (Dkt. 86, Pg ID 1048).

In response to the motion to amend, the Dickinson Wright defendants assert that while plaintiff purports to add six more claims against them, he alleges no facts that, if true, would render them liable for violations of the various statutes at issue (42 U.S.C. § 1981, Title VII, the ADA, and the LMRA).  Defendants also

argue that it cannot be liable for any of the claims identified because it is not a party to the Collective Bargaining Agreement. Finally, defendants argue that plaintiff's claims are futile.

The other defendants also object to the plaintiff's proposed amendment to the complaint for different reasons. First, they argue that plaintiff's hybrid § 301 claim under the LMRA fails to state a claim because plaintiff has not named the union as a defendant. Second, they assert that plaintiff's hybrid § 301 claim is barred by *res judicata* because it has already been litigated to a final order in *MGM Grand Detroit, LLC v. Int'l UAW*, *et al*, Case No. 10-14510. Third, they argue that plaintiff's 42 U.S.C. § 1986 claim is barred by the statute of limitations.

In his second motion to amend the complaint, plaintiff proposes to add the UAW as a party, in place of the "John Doe" defendant and assert a claim for breach of the collective bargaining agreement. In response, MGM RI asserts that this amended complaint contains no allegations conferring jurisdiction over it and that plaintiff's hybrid § 301 and § 1986 claims remain futile.

## III.    ANALYSIS AND CONCLUSIONS

### A.    Motions to Amend

Under the applicable standards for amending a complaint, the undersigned concludes that allowing plaintiff to amend his complaint would unduly delay and complicate this case and thus, his motions should be denied. Where, as here,

defendants have already responded to the original complaint, plaintiff can amend only by leave of the Court.  Fed.R.Civ.P. 15.  Rule 15(a) provides, however, that the court should "freely give leave when justice so requires."  In *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the court listed several factors to consider in order to decide whether to allow an amendment:  "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  When a party has delayed in seeking to amend the complaint, the court should weigh the cause shown for the delay against the resulting prejudice to the opposing party.  *Johnson v. Ventra Group, Inc.*, 124 F.3d 197 (6th Cir. 1997), citing, *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973).  The decision "as to when 'justice requires' an amendment is within the discretion of the trial judge...." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 513 (6th Cir. 2003), quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

This case presents somewhat unusual circumstances pertinent to evaluating plaintiff's motions to amend the complaint.  Notably, many of the claims and parties that plaintiff seeks to add through the proposed amended complaints are already pending in *Wright v. MGM Grand Casino*, *et al*, Case No. 11-15105.  Thus, it makes little sense, in the view of the undersigned, to add them to this

lawsuit, which has been pending since 2009.  To add additional parties and claims at this late date would unnecessarily delay and complicate this case, as well as Case No. 11-15105.  For purposes of judicial economy, the undersigned concludes that defendants' substantive arguments regarding the statute of limitations and *res judicata*, etc. should be addressed in the context of Case No. 11-15105, where the claims to which those arguments apply are already pending, rather than addressing them here, in the context of futility.

In addition, plaintiff's proposed amended complaints are unnecessarily lengthy, complicated, and verbose.  Federal Rule of Civil Procedure 8(a) prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts.  *See e.g.*, *Lease v. Fishel*, 2009 WL 922486, *2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). For these reasons, the undersigned has denied the motions to amend via separate order.[1]

---

[1] A motion to amend the complaint is non-dispositive and thus, a magistrate judge may enter an order disposing of such a motion, rather than a report and recommendation.  However, because plaintiff's motions to amend and the motions to dismiss are somewhat related, the undersigned has included all of the analysis and discussion regarding the motions to amend the complaint in this report and

B.   Motion to Dismiss Under Rule 12(b)(2)

Defendant moves to dismiss plaintiff's complaint based on lack of personal jurisdiction. Fed.R.Civ.P. 12(b) (2). When deciding a motion based on Rule 12(b)(2), a district court has at its disposal three procedural alternatives: (1) "it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). "The court has discretion to select which method it will follow ...." *Theunissen*, 935 F. 2d at 1458. Regardless of which method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists." *Id.* at 1458. If the court determines "that the motion to dismiss for lack of personal jurisdiction can be decided upon [the] written submissions, it 'must consider the pleadings and the affidavits in the light most favorable to the plaintiff.'" *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989), quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980). When the court decides on the written submissions alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F. 2d at 1458. Moreover, the court in deciding a 12(b)(2) motion on the parties' written submissions alone, "does not weigh the controverting

recommendation.

assertions of the party seeking dismissal." *Id*. at 1459.

The undersigned believes in this case that it is proper to decide defendant's motion on the written submissions alone.  Defendant does not offer any evidence to dispute the allegations in plaintiff's complaint.  Rather, defendant argues that the allegations, on their face, are insufficient to establish personal jurisdiction over him.  Thus, this undersigned must determine if plaintiff has satisfied his burden of making a "*prima facie* showing that personal jurisdiction exists ...." *Theunissen*, 935 F. 2d at 1458.

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).  "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

To establish general personal jurisdiction over MGM RI, one of the

following must exist: (1) incorporation under the laws of this state; (2) consent, to the extent authorized by the consent and subject to the limitations provided in section 745; or (3) the carrying on of a continuous and systematic part of its general business within the state. Mich. Comp. Laws § 600.711. There does not appear to be any basis in the record to conclude that this Court has general personal jurisdiction over defendant MGM RI and nothing in the complaint suggests that any of these three circumstances exist, especially given that a parent company's ownership of a subsidiary alone does not establish personal jurisdiction. *Schwartz v. Electronic Data Systems*, 913 F.3d 279 (6th Cir. 1990).

Under Federal Rule of Civil Procedure 4(e), the Court must next look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether personal jurisdiction exists in this case. Mich. Comp. Laws § 600.715 provides:

> The existence of any of the following relationships
> between a corporation or his agent and the state shall
> constitute a sufficient basis of jurisdiction to enable the
> courts of record of this state to exercise limited personal
> jurisdiction over such corporation and to enable such
> courts to render personal judgments against such
> corporation arising out of the act or acts which creates
> any of the following relationships:
>
> > (1) The transaction of any business within
> > the state.
> >
> > (2) The doing or causing any act to be done,
> > or consequences to occur, in the state,
> > resulting in an action for tort.

> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

In *Sifers v. Horn*, 385 Mich. 195, 199 n.2; 188 N.W.2d 623 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in Mich. Comp. Laws § 600.715 "means just what it says. It includes 'each' and 'every' .... It comprehends the 'slightest'" contact. *See also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988).

"However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.* The relevant criteria for Due Process consideration are: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of

jurisdiction over the defendant reasonable. *Theunissen*, 935 F.2d at 1460 (citations and quotation marks omitted).

There is nothing in plaintiff's complaint to suggest that this Court has personal jurisdiction over MGM RI. As defendant points out, there are only two allegations in the entire complaint that reference MGM RI. These allegations provide that defendant Lanni (who was previously dismissed for lack of personal jurisdiction) was the "Chief Operating Officer or Chief Executive Officer of MGM MIRAGE, LLC, the parent company of Defendant MGM Grand Casino Detroit," and that the defendants were acting in concert together in their official capacities as officers, agents, representatives, and employees of MGM Grand Detroit or MGM RI. There are even less facts in plaintiff's complaint regarding MGM RI's alleged contacts with Michigan as to the subject matter of plaintiff's claims than there were for defendant Lanni, who was already dismissed based on lack of personal jurisdiction. There is simply no evidence of purposeful availment within Michigan by MGM RI in this record. And, other than a bare allegation that MGM RI conspired with plaintiff's former employer, there is no allegation of any activities or actions by MGM RI resulting in plaintiff's causes of action. Thus, the undersigned recommends that defendant MGM RI's motion to dismiss be granted

for lack of personal jurisdiction.[2]

C.     Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades.  *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555.  In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to

---

[2]  Given this conclusion, defendant MGM RI's remaining arguments need not be addressed.

dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se*

complaint at issue.).

In order to establish a violation of § 1985(3), plaintiff would have to show (1) a conspiracy involving two or more people, (2) for the purpose of depriving, directly or indirectly a person or class of persons the equal protection of the law, (3) an act in furtherance of the conspiracy and (4) with a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  It must also be shown that the conspiracy was motivated by a class-based animus such as race.  *Smith v. Thornbury*, 136 F.3d 1070, 1078 (6th Cir. 1998).

Plaintiff alleges that "Dickinson Wright did file a response that was a false and calculated miss-statement [sic] of the facts, in an effort to obstruct, impede and deter the EEOC from performing its statutory duties to investigate allegations of discrimination against the Defendant Employer MGM Grand Casino Detroit [sic]." Compl. ¶ F.b.A, pg 23.  Second, plaintiff alleges that "Defendant Employer MGM Grand Casino Detroit [sic], did combine and conspire with attorneys and counsel at Dickinson Wright to subvert, deter, impede and obstruct the agencies inquiry into the Plaintiff and Complainants [sic] Charge of Discrimination."  Compl. ¶ F.b.G., pg. 24.  Third, plaintiff alleges that "Defendant Employer MGM Grand Casino Detroit [sic] acting by through its attorneys and counsel did in concert with their attorneys and counsel, falsely represent to the EEOC that it had received the

Plaintiff and Complainants [sic] request for an accommodation, and consistent with

the requirements of the ADA offered the Plaintiff and Complainants an

accommodation."  Compl. ¶ F.b.H, pg. 24.  The undersigned concludes that

plaintiff's allegations of a conspiracy to deprive him of his constitutional rights

based on any racial animus are insufficiently specific, even under the liberal

pleading standards applied to *pro se* litigants, and simply do not state a claim.  *See*

*Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th

Cir. 2007) ("conspiracy must be pled with some degree of specificity and ... vague

and conclusory allegations unsupported by material facts will not be sufficient to

state a claim."); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984) (Conspiracy

claim properly dismissed where "complaint merely alleged broad conclusory

negligence language void of the factual allegations necessary to support a

conspiracy theory.").

 Moreover, the undersigned agrees that the conduct complained of by

plaintiff is nothing more than the Dickinson Wright defendants acting within the

scope of their representation of their client and thus, cannot form the basis of a

§ 1985 conspiracy.  *See e.g.*, *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir.

2003) (an attorney's conduct within the scope of representation of a client is

immune from any allegation of a § 1985 conspiracy.); *N'Jai v. Floyd*, 386

Fed.Appx. 141 (3d Cir. 2010) (actions of attorney in representing school district in

former employee's civil right and employment discrimination action were taken

within the scope of the attorney-client relationship and thus could not subject the

attorneys to liability under § 1985).  There is no allegation of conduct by the

Dickinson Wright defendants that would be outside the scope of an attorney's legal

representation of a client such as an accusation that the attorneys engaged in

conspiracies to intimidate parties or witnesses to federal lawsuits.  *See Farese*,

*supra*; *see also Heffernan v. Hunter*, 189 F.3d 405 (3d Cir. 1999) (if the conduct

that is the subject of the civil rights conspiracy claim occurs outside the scope of

the attorney's representation of the client, there is no reason for immunity and the

individual lawyers and clients could form a conspiracy).  While the Sixth Circuit

does not appear to have directly addressed this issue, it has similarly held that a

hospital did not conspire with its employees in violation of 42 U.S.C. § 1985 where

those employees acted within the scope of their employment, thus adopting the so-

called "intra-corporation conspiracy doctrine."  *Johnson v. Hills & Dales Gen.*

*Hosp.*, 40 F.3d 837, 840-41 (6th Cir. 1994); *see also United Food & Commercial*

*Workers Local 1099 v. City of Sidney*, 363 F.3d 738, 753 (6th Cir. 2004).  As

explained above, this doctrine, as described by the Third and Eleventh Circuits,

also bans claims against attorneys based on conspiracies allegedly formed in the

attorney-client context.  *See e.g.*, *Evans v. Chichester School Dist.*, 533 F.Supp.2d

523, 529 (E.D. Pa. 2008).  The undersigned finds these cases to be well-reasoned

and concludes that plaintiff's conspiracy claim must fail because it rests solely on allegations regarding conduct of the Dickinson Wright defendants that falls within the scope of the attorney-client relationship with plaintiff's former employer.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Dickinson Wright defendants' motion to dismiss and the motion to dismiss of MGM RI both be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  January 10, 2012                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on January 10, 2012, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Terry D. Wright, Sr., Katherine D. Goudie , Louis
Theros, and Michael G. Vartanian.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov